IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ARTURO PASCO,                            :
                                         :
         Plaintiff,                      :
                                         :
VS.                                      :        CIVIL ACTION FILE NO.
                                         :        **1 : 04-CV-73 (RLH)**
JAMIL SABA, et. al,                      :
                                         :
         Defendant.                      :
_____

**ORDER**

Presently pending in this *pro se* prisoner § 1983 action are several motions filed by plaintiff.

### 1. Plaintiff's Motion to Amend/ Correct the Complaint (tab 12)

Plaintiff files this motion to add Dougherty County as a party defendant.  Plaintiff has already

filed one motion to amend the complaint (tab 5), which was granted, adding several parties to

this action.  Federal Rule of Civil Procedure 15(a) addresses amendments to pleadings and

provides in pertinent part :

> [a] party may amend the party's pleading once as a matter or course at any time before a
> responsive pleading is served.....Otherwise a party may amend the party's pleading only
> by leave of court or by written consent of the adverse party; and leave shall be freely
> given when justice so requires.

This complaint was initially filed on June 1, 2004.  This is plaintiff's second motion to

amend was not filed until some six months later in December of 2004.  The plaintiff seeks to add

Dougherty County as a defendant because the county is the employer of defendants, made the

policies plaintiff is challenging, and is responsible for the training of the Sheriff and his staff.

Although amendments are to be freely given if justice so requires, there are circumstances that

justify a denial of a motion to amend.  These are "undue delay, bad faith, dilatory motive on the part of the movant... undue prejudice to the opposing party by virtue of the amendment, [and] futility of the amendment."  Foman v. Davis, 371 U.S. 378 (1962); Hargett v. Valley Fed. Sav. Bank , 60 F.3d 754 (11th Cir. 1995).

In considering whether or not justice requires the granting of this motion to amend, the undersigned notes that since March 26, 2003, this plaintiff has caused to be filed no less than eight §1983 complaints in this district alone, all against various staff members of the Dougherty County Jail Facility or the Sheriff.  Plaintiff has attempted to amend each of these cases multiple times.  Whatever the relationship between Dougherty County and the Sheriff may be, this relationship existed at all times relevant to plaintiff's original complaint.  In viewing all of plaintiff's complaints and the numerous attempts to amend them one is forced to conclude that plaintiff has become a frequent filer who seeks to file a new § 1983 action or amend an existing one whenever something dissatisfies him.  Under these circumstances, justice requires that this motion to amend the complaint be **DENIED**.

## 2. Plaintiff's Motion to Compel (tab 18)

As drafted and filed by plaintiff his motion is **DENIED** for his failure to comply with the dictates of Federal Rules of Civil Procedure 37(a)(2)(A), which provides in pertinent part "[t]he motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."  Plaintiff may refile this motion with the correct certification if wishes it to be considered on its merits.

## 3. Plaintiff's Motion for the Appointment of Counsel (tab 19)

Plaintiff has filed a motion for the appointment of counsel.  Generally speaking, no right to counsel exists in civil actions.  Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985); Mekdeci v. Merrel Nat'l. Lab., 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).  Appointment of counsel is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers among other factors, the merits of the petitioner's claim and the complexity of the issues presented. See Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989).  As part of plaintiff's justification for the request for counsel, he states that he has six cases currently pending in this district.

Applying the standards set forth in Holt, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff.  Consequently, plaintiff's motion is **DENIED**.

*4. Plaintiff's Motion to Amend the Complaint (tab 20)*

Plaintiff has filed this third motion to amend the complaint to add a count for the denial of newspapers to detainees at the Dougherty County Jail.  For the reasons stated in paragraph 1 above, plaintiff's motion is **DENIED**.

*5. Plaintiff's Motion to For an Extension of Time to Complete Discovery (tab 22)*

Plaintiff has requested an extension of time for the completion of discovery.  As justification thereof, plaintiff states he was placed in administrative segregation for some time, and his ability to work on discovery and research issues was severely curtailed.  For good cause shown, plaintiff's motion is **GRANTED as follows**: plaintiff may have an additional 45 days from the

date of this order to complete discovery.  No further extensions will be granted.

### 6. Plaintiff's Motion to Amend (tab 25)

   Plaintiff files another motion to amend his complaint, wishing to add the denial of educational

material.  Again, for the reasons aforesaid, plaintiff's motion to amend is **DENIED**.


**SO ORDERED**, this 13th day of September, 2005.


                                        /S/ Richard L. Hodge
                                        RICHARD L. HODGE
                                        UNITED STATES MAGISTRATE JUDGE