IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **ALTURO PASCO,** | : |
| **Plaintiff** | : |
| vs. | :     1:04-CV-73(RLH) |
| **JAMIL SABA, et al.,** | : |
| **Defendants.** | : |

**O R D E R**

This appears to the third motion seeking the appointment of counsel in this § 1983 civil action brought by a state inmate against the Sheriff of Dougherty County Georgia and certain members of his staff. Plaintiff has become a frequent filer as a result of his having filed several such suits during the past few years.

Generally speaking, no right to counsel exists in § 1983 actions. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975); Mekdeci v. Merrel Nat'l. Lab., 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982); Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. See Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in Holt, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the

existence of exceptional circumstances has not been shown by the plaintiff.  Thus far, the plaintiff has clearly set forth his claims.  The court on its own motion will consider assisting plaintiff in securing legal counsel <u>if</u> <u>and</u> <u>when</u> it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

Accordingly, plaintiff's motions for appointment of counsel are **DENIED** at this time.

**SO ORDERED**, this 27th day of June 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE